United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Joseph E. Wade, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 23-20182-Civ-Scola |
| Department of Veteran Affairs, et al., Defendants. | ) ) ) |

## Order of Dismissal

This cause came before the Court upon Plaintiff Joseph E. Wade's Application to Proceed in District Court without Prepaying Fees or Costs ("Motion for Leave to Proceed in Forma Pauperis" or "Motion") (ECF No. 3). Plaintiff, a pro se litigant, has not paid the required filing fee and therefore the screening provisions of 28 U.S.C. section 1915(e) are applicable. Pursuant to the statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Upon initial screening, the Court finds Plaintiff's Complaint (ECF No. 1) fails to state a claim on which relief may be granted, is frivolous, and must be **dismissed**. Accordingly, the Plaintiff's Motion (**ECF No. 3**) is **denied**.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Thereunder "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Consequently, "to state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

The Plaintiff sues for "injunctions, to stop the Agency from further harassment of Plaintiff, other federal employees, and immediate reversal of Agencies [sic], illegal actions." (ECF No. 1 at 4.) He further chargers all Defendants of being "guilty by way of conspiracy to the same, whistleblower retaliation, fraud, cyber fraud, schemes, libel, (PPP) personnel prohibited practices constitutional violations. [sic] and (ADA) violations." (*Id.*) However, he provides absolutely no factual basis for any of these accusations. So, even

under the relaxed pleading standard afforded to pro se litigants, Plaintiff's pro se Complaint fails to state a claim for which relief may be granted. *See Abele v. Tolbert*, 130 Fed. App'x 342, 343 (11th Cir. 2005), and is due to be dismissed.

Accordingly, the Plaintiff's Motion (**ECF No. 3**) is **denied**, and the Complaint (ECF No. 1) is **dismissed**. The Clerk is directed to **close** this case.

**Done and ordered** in Miami, Florida, on January 24, 2023.

_____
Robert N. Scola, Jr.
United States District Judge